United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60817
Summary Calendar
_____

CHADI MOUSSA,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74-855-303
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Chadi Moussa petitions for review of the Board of

Immigration Appeals' (BIA) opinion that affirmed the decision of

the Immigration Judge ("IJ") denying Moussa asylum and

withholding of removal.  Moussa contends that he established past

persecution by Hezbollah and that he has a well-founded fear of

persecution if he is forced to return to Lebanon.  Moussa

contends that the IJ did not make an "actual credibility finding"

and, thus, that this court should not uphold the BIA's denial of

--------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his claims on the ground that the IJ made a finding that his testimony was not credibile.

We review the IJ's decision because the BIA summarily affirmed without opinion and essentially adopted the IJ's decision.  See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). We will uphold the IJ's determination that Moussa is not eligible for asylum if it is supported by substantial evidence.  See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 350 (5th Cir. 2002). The substantial evidence standard requires only that the IJ's "conclusion be based upon the evidence presented and be substantially reasonable."  Id. (internal quotation marks and citation omitted).  To reverse the IJ's determination that Moussa is not eligible for asylum, "the evidence presented must compel a reasonable fact-finder to conclude that [he] suffered past persecution or has a well-founded fear of future persecution because of a protected ground."  Girma v. INS, 283 F.3d 664, 669 (5th Cir. 2002); see INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992); Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).

We will not "review decisions turning purely on the [IJ's] assessment of the alien petitioner's credibility."  Chun, 40 F.3d at 78 (quotation and citation omitted).  The IJ found various discrepancies and inconsistencies in the evidence which lessened the credibility of Moussa's testimony.  We will not disturb this credibility finding.  See Chun, 40 F.3d at 78-79.

After careful review of the briefs and the administrative record, we conclude that the IJ's credibility finding is supported by substantial evidence. The IJ's conclusion that Moussa had failed to make an adequate showing of past persecution and of fear of future persecution also is supported by substantial evidence.

The standard for withholding of removal is more stringent than the standard necessary for asylum and requires the alien to make a showing that a "'clear probability'" exists that he will be persecuted if he is removed. Mikhael, 115 F.3d at 306. Because Moussa did not make the required showing for asylum, he was not eligible for withholding of removal. See id. at 306 & n.10.

PETITION DENIED.